**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMMY H. HEPBURN, | No. 19-17053 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00151-BGM |
| v. | |
| TELEPERFORMANCE, Corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding[**]

Submitted October 26, 2020[***]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Tammy H. Hepburn appeals pro se from the district court's summary

judgment in her Title VII employment action alleging race discrimination, hostile

work environment, and retaliation claims.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Hepburn's disparate treatment claim because Hepburn failed to raise a genuine dispute of material fact as to whether Teleperformance's proffered non-discriminatory, legitimate reasons for any adverse employment actions, including changing Hepburn's job duties and work location, were pretextual.  *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2002) (discussing elements of and burden-shifting framework for a discrimination claim under Title VII; explaining that evidence of pretext must be specific and substantial); *see also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) ("Conclusory statements without factual support are insufficient to defeat a motion for summary judgment.").

The district court properly granted summary judgment on Hepburn's hostile work environment claim because Hepburn failed to raise a genuine dispute of material fact as to whether defendant failed to take adequate remedial and disciplinary action in response to a non-supervisory employee's use of offensive racial slurs or any other alleged conduct.  *See McGinest*, 360 F.3d at 1112, 1119-20.

The district court properly granted summary judgment on Hepburn's

retaliation claim because Hepburn failed to raise a genuine dispute of material fact as to whether there was a causal relationship between any protected activity and a materially adverse employment action. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004) (setting forth elements of Title VII retaliation claim and explaining what constitutes an adverse employment action).

The district court did not abuse its discretion in denying Hepburn's motion for default judgment as a discovery sanction because defendant did not violate a court order, and the district court was within its discretion in finding that defendant's actions did not warrant the extreme sanction of entry of a default judgment. *See Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (setting forth standard of review).

We reject as unsupported by the record Hepburn's arguments that the district court erred by failing to consider Hepburn's allegations of harassment, failing to acknowledge that racial slurs are offensive, and considering the affidavits of Reinartz and Bay.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**